**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **SIDNEY FIELDS** ) | |
| ) | |
| ) | **CIVIL ACTION FILE NO.** |
| **PLAINTIFF,** ) | |
| ) | |
| **v.** ) | |
| ) | **JULY TRIAL DEMANDED** |
| **DG DISTRIBUTION GA, LLC** ) | |
| ) | |
| **DEFENDANT.** ) | |
| ) | |

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

Plaintiff Sidney Fields ("Mr. Fields" or "Plaintiff") respectfully submits this Complaint for Damages and Equitable Relief and alleges as follows:

**INTRODUCTION**

1.     Mr. Fields is a Christian male who was formerly employed by Defendant DG Distribution GA, LLC ("Dollar General") as a Warehouse Supervisor. Despite satisfactory performance in his role, Mr. Fields suffered disparate treatment when Dollar General refused to reasonably accommodate his religious practice and terminated him on the basis of his religion.

2.     Plaintiff files this Complaint for declaratory, injunctive, and monetary relief against Dollar General as the result of religious discrimination and retaliation

in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*

("Title VII").

## JURISDICTION, VENUE, AND ADMINISTRATIVE PREREQUISITES

3.     The Court has federal-question jurisdiction pursuant to 28 U.S.C. §§

1331 and 1343.

4.     The violations of Plaintiff's rights occurred in the Northern District of

Georgia. Venue for this action in the Northern District of Georgia under 28 U.S.C.

§ 1391(b) is appropriate because a substantial part of the events or omissions, and

the unlawful actions and practices which give rise to Plaintiff's claims occurred in

this District.

5.     Plaintiff has satisfied all administrative prerequisites to perfect his

claims of discrimination and retaliation under Title VII. Specifically, he timely filed

a Charge of Discrimination with the Equal Employment Opportunity Commission

("EEOC") alleging religious discrimination and retaliation and timely filed this

lawsuit following receipt of a Notice of Right to Sue for his claims under Title VII

of the Civil Rights Act of 1964.

## PARTIES

6.     Plaintiff is now and was at all times relevant to this action a citizen of

the United States entitled to bring actions of this type and nature. Plaintiff is and was

at all times relevant to this action a resident of the state of Georgia.

7.      Defendant Dollar General is a domestic for-profit corporation. Its principal office address is 100 Mission Ridge, Goodlettsville, TN 37072. Its registered agent for service of process is CSC of Cobb County, Inc., 192 Anderson Street SE, Suite 125, Marietta, GA 30060.

## FACTUAL BACKGROUND

### Beginning of Plaintiff's Employment and Request for Religious Accommodation

8.      Plaintiff began working for Dollar General on or about September 27, 2021 as a Warehouse Supervisor. He worked at Dollar General's Perishable Distribution Center at 3569 International Park Dr. SE, Atlanta, GA 30316.

9.      When he was first hired, Brandy Payne, the Director of the Distribution Center, told Mr. Fields told that he would be scheduled to work Monday through Friday.

10.     However, during his first week of work, Defendant told Mr. Fields that his schedule would be Sunday through Thursday.

11.     This schedule presented an issue for Mr. Fields because he regularly attends worship services on Sundays at 10 a.m. at Mount Moriah Church located at 1983 Brockett Road, Tucker, GA 30084.

12.     Because of this conflict between church services and his work schedule, Mr. Fields spoke with Payne and requested an accommodation for his religious practice of attending worship services.

13.     Payne authorized Mr. Fields to take an early and extended lunch break on Sundays to attend worship services.

14.     Although not an ideal solution, Mr. Fields accepted this early and extended lunch break on Sundays as a temporary accommodation. But Mr. Fields mentioned to Payne that the previously agreed work schedule of working Monday through Friday was preferable.

15.     Payne told Mr. Fields to speak with Darian McKenzie, the Inbound/Outbound Manager, about the possibility of reworking his schedule to work Monday through Friday.

### Mr. Fields Takes Advantage of the Promised Accommodation

16.     During his first week of work, Mr. Fields spoke with McKenzie as instructed by Payne. Mr. Fields told McKenzie that he wanted to switch to a Monday through Friday schedule in order to accommodate his attending Sunday worship services. McKenzie replied that he would "work on it."

17.     During this conversation with McKenzie, Mr. Fields told him that Payne had authorized him to take an early and extended lunch break on Sundays to

attend worship services.

18.     During the next several weeks, Mr. Fields, in accordance with the approval Payne had given him, took an early and extended lunch break on Sundays to attend worship services. This was known to Payne and McKenzie.

19.     When Mr. Fields took these breaks, he ensured that members of his team had his cell phone number and that he had his two-way radio with him in case they needed to contact him.

## Plaintiff's Unjustified Termination

20.     On November 29, 2021, Mr. Fields was called into the office of HR Manager Brenae Young. Payne was also called into this meeting.

21.     At this meeting, Young asked Mr. Fields about taking an early and extended break on Sundays which Mr. Fields confirmed. Young asked if Mr. Fields left anyone in charge, and he replied that he did not but that he expected his team to do their jobs and that they could reach him through his cell phone or two-way radio. Mr. Fields also pointed out that Payne knew of and had authorized his early and extended breaks.

22.     Payne then asked what times Mr. Fields' church had services. Mr. Fields replied that his church had two services: one that started at 8 a.m. and one that started at 10 a.m.

23.     Neither Young nor Payne asked which service Mr. Fields attended. This indicates that they did not care about how Dollar General could accommodate either of these time slots.

24.     Mr. Fields was given no coaching or counseling, either written or verbal, as a result of this meeting. Nor did any representative of Defendant suggest that his taking the early and extended lunch break approved by Payne was in any way problematic.

25.     On December 2, 2021, Mr. Fields was called into McKenzie's office by Payne.

26.     At this meeting, Payne told Mr. Fields, "I am terminating your employment today because you go to Church every Sunday."

27.     Mr. Fields protested his termination based on the fact that Payne had agreed to allow him to take an early and extended lunch break to attend worship on Sundays.

28.     Mr. Fields appealed his termination through Dollar General's Human Resources Department, but they informed him that the termination decision would not be changed.

**COUNT I**
**TITLE VII – RELIGIOUS DISCRIMINATION – FAILURE TO ACCOMMODATE**

29.    Plaintiff incorporates by reference paragraphs 1 through 28 of this Complaint, as if they were fully set forth herein.

30.    At all times material to this Complaint, Plaintiff was employed by Dollar General.

31.    Title VII requires Defendant to make reasonable accommodations for Plaintiff's religious practice of attending worship on Sundays.

32.    The above-pleaded discriminatory conduct of Defendant toward Plaintiff, including, but not limited to, refusing to allow Plaintiff to continue taking an early and extended lunch break, failing to grant a Monday through Friday work schedule, failing to suggest alternative accommodations or otherwise engage in an interactive process, and terminating Plaintiff for engaging in the religious practice of attending worship constitutes a failure to accommodate in violation of Title VII.

33.    Additionally and in the alternative, Plaintiff's religion was a motivating factor in Defendant's decisions to refuse to allow Plaintiff to continue taking an early and extended lunch break, refuse to grant a Monday through Friday work schedule, refuse to suggest alternative accommodations or otherwise engage in an interactive process, and terminate Plaintiff for engaging in the religious practice of attending worship even if there were legitimate non-discriminatory reasons that also motivated these actions.

34.     Defendant undertook its conduct intentionally and maliciously with respect to Plaintiff and his federally protected rights, or additionally, and in the alternative, undertook its conduct recklessly with respect to Plaintiff and his federally protected rights, entitling Plaintiff to recover punitive damages against Defendant.

35.     Defendant's actions constitute unlawful intentional religious discrimination in violation of Title VII.

36.     Defendant willfully and wantonly disregarded Plaintiff's federally protected rights and Defendant's discrimination against Plaintiff was undertaken in bad faith.

37.     As a direct and proximate result of Defendant's violations of Title VII, Plaintiff has suffered damages including lost compensation and other benefits of employment, emotional distress, inconvenience, loss of income, humiliation, and other indignities.

38.     Accordingly, Plaintiff is entitled to equitable and monetary relief for Defendant's violation of his rights under Title VII.

## COUNT II
## TITLE VII – RELIGIOUS DISCRIMINATION – WRONGFUL TERMINATION

39.     Plaintiff incorporates by reference paragraphs 1 through 28 of this

Complaint, as if they were fully set forth herein.

40.    At all times material to this Complaint, Plaintiff was employed by Dollar General.

41.    Title VII prohibits Defendant from discriminating against Plaintiff on the basis of religion with regard to his employment.

42.    The above-pleaded discriminatory conduct of Defendant toward Plaintiff in terminating his employment based on his religious practice of attending worship services constitutes unlawful religious discrimination against Plaintiff in violation of Title VII.

43.    Additionally and in the alternative, Plaintiff's religion was a motivating factor in Defendant's decision to terminate Plaintiff for engaging in the religious practice of attending worship even if there were legitimate non-discriminatory reasons that also motivated these actions.

44.    Defendant undertook its conduct intentionally and maliciously with respect to Plaintiff and his federally protected rights, or additionally, and in the alternative, undertook its conduct recklessly with respect to Plaintiff and his federally protected rights, entitling Plaintiff to recover punitive damages against Defendant.

45.    Defendant's actions constitute unlawful intentional race discrimination

in violation of Title VII.

46.     Defendant willfully and wantonly disregarded Plaintiff's federally protected rights and Defendant's discrimination against Plaintiff was undertaken in bad faith.

47.     As a direct and proximate result of Defendant's violations of Title VII, Plaintiff has suffered damages including lost compensation and other benefits of employment, emotional distress, inconvenience, loss of income, humiliation, and other indignities.

48.     Accordingly, Plaintiff is entitled to equitable and monetary relief for Defendant's violation of his rights under Title VII.

## COUNT III
## TITLE VII – RETALIATION

49.     Plaintiff incorporates by reference paragraphs 1 through 28 of this Complaint, as if they were fully set forth herein.

50.     At all times material to this Complaint, Plaintiff was employed by Dollar General.

51.     Title VII prohibits Defendant from retaliating against Plaintiff for engaging in protected activity.

52.     The above pleaded conduct Plaintiff, including, but not limited to, requesting religious accommodation of a modified work schedule of Monday

through Friday, taking advantage of an approved accommodation of an early and extended lunch break, expressing a continued desire to attend church services on Sundays, and protesting his discriminatory termination constitutes protected activity within the meaning of Title VII.

53.    The above-pleaded retaliatory conduct by <u>Defendant</u> toward Plaintiff, including, but not limited to, refusing to allow Plaintiff to continue taking an early and extended lunch break, failing to grant a Monday through Friday work schedule, failing to suggest alternative accommodations or otherwise engage in an interactive process, and terminating him for engaging in the religious practice of attending worship constitutes retaliation in violation of Title VII.

54.    Defendant undertook its conduct intentionally and maliciously with respect to Plaintiff and his federally protected rights, or additionally, and in the alternative, undertook its conduct recklessly with respect to Plaintiff and his federally protected rights, entitling Plaintiff to recover punitive damages against Defendant.

55.    Defendant's actions constitute unlawful intentional religious discrimination in violation of Title VII.

56.    Defendant willfully and wantonly disregarded Plaintiff's federally protected rights and Defendant's discrimination against Plaintiff was undertaken in

bad faith.

57.     As a direct and proximate result of Defendant's violations of Title VII, Plaintiff has suffered damages including lost compensation and other benefits of employment, emotional distress, inconvenience, loss of income, humiliation, and other indignities.

58.     Accordingly, Plaintiff is entitled to equitable and monetary relief for Defendant's violation of his rights under Title VII.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully prays for the following relief:

(a)     That a jury trial be had on all issues so triable;

(b)     Back pay and benefits;

(c)     Front pay and benefits;

(d)     Compensatory damages;

(e)     Punitive damages;

(f)     Declaratory relief;

(g)     Injunctive relief to prevent Defendant from engaging in such discriminatory conduct in the future;

(h)     Costs incurred in bringing this action, including Plaintiff's attorneys' fees;

(i)     Interest on all monetary awards; and

(j)     Such other and further relief the Court may deem appropriate.

### **JURY TRIAL DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all issues so triable.

Respectfully submitted this 28th day of December, 2022.

**BUCKLEY BEAL LLP**

By:     */s/ Joseph Quattlebaum*
        Edward D. Buckley
        Georgia Bar No. 092750
        edbuckley@buckleybeal.com
        Joseph Quattlebaum
        Georgia Bar No. 319971
        jquattlebaum@buckleybeal.com
        600 Peachtree Street NE
        Suite 3900
        Atlanta, GA  30308
        Telephone: (404) 781-1100
        Facsimile:  (404) 781-1101

        *Attorneys for Plaintiff*